UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY HARRIS, et al.,<br><br>　　Plaintiffs,<br><br>　vs.<br><br>CROWN MOVING and<br>MAYFLOWER TRANSIT CORP.,<br><br>　　Defendants. | NO. 07-CV-126-JLQ<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

**BEFORE THE COURT** is Defendants' Motion to Dismiss heard without oral argument on May 15, 2007. Ronald G. Morrison and Regina M. McCrea represent Plaintiffs. John A. Anderson represents Defendants. **It Is Hereby Ordered** that Defendants' Motion to Dismiss is **Granted** for the following reasons.

## BACKGROUND

Plaintiffs filed this lawsuit on March 30, 2007 in the District Court of the State of Washington for Spokane County alleging only violations of state law. On April 26, 2007, Defendants removed the case to this court and filed a Motion to Dismiss. On May 3, 2007, this court entered an Order to Show Cause why this case should not be remanded to state court. Defendant filed a pleading pointing out that Plaintiff's claims arise under the federal Carmack Amendment, which completely preempts all state law claims, which is good cause why this case should not be remanded.

It is Plaintiffs' claim that the Defendants picked up Plaintiffs' household goods for transportation from Washington to Arizona and that before the goods left Washington, they were in an unlocked truck in an unsafe area and a large

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS --1

portion of Plaintiff's goods were stolen. They allege violation of state law, including the Washington Consumer Protection Act.

In *Caterpillar Inc. v. Williams,* 428 U.S. 386, 392, the Supreme Court held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. Even the existence of a defense based on federal law is insufficient to support federal jurisdiction. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). It was this reasoning which led this court to believe this case should be remanded to state court.

However, Defendants pointed out that there is an exception to this rule where a federal defense completely preempts all state law claims in the area of the applicable law.

> Although we usually defer to plaintiff's choice to plead state law claims, there exist a handful of 'extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes. *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). Under the "artful pleading" doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of the law and any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law and may, therefore, be removed to federal court.

*Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003). The Carmack Amendment is one of very few such preemptive federal laws. The Carmack Amendment provides a "uniform national liability policy for interstate carriers" and is the exclusive cause of action for interstate shipping contract claims alleging loss or damage to property.

> Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damage to goods arriving from the interstate transportation of those goods by a common carrier.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS --2

*Hall v. North American Van Lines,* 476 F.3d 684 (9th Cir. 2007).

> The Carmack Amendment completely preempts "state law claims" seeking to recover damages for charging an improper rate for transporting the goods and the failure to fulfill duties closely related to the duty of delivery. We hold that the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver, or damage to property. *Id.*

Plaintiffs claim that state law claims regarding theft and damage of goods after being picked up but prior to being shipped are not preempted by the Carmack Amendment and that Washington courts have not yet determined that the Carmack Agreement preempts claims arising under the Washington Consumer Protection Act.

However, the Carmack Agreement defines transportation as including:

(B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, **storage,** handling, packing, unpacking and interchange of passengers and property. Courts have interpreted this language to include virtually everything related in any way to the move of household goods. *See Marks v. Suddath Relocations Systems, Inc.,* 319 F. Supp.2d 746, 750 (S.D. Tex. 2004)(the dispositive fact is that all of their claims are based on allegations that Suddath (the carrier) damaged and/or lost property where transportation and storage was governed by an interstate bill of lading); *Rini v. United Van Lines,* 194 F.3d 402, 406 (1st Cir. 1997) (finding that state law claims that are preempted "include all liability stemming from the damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims.)

Further, courts who have dealt with losses sustained during origin storage, as is the case here, have held that losses sustained during that storage are merely incidental to the transportation of goods and are covered by the Carmack

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS --3

Amendment. *Diamond Transportation Group Inc. V. Emerald Logistics Solutions Inc.*, 2006 WL 1789036 (E.D. Pa. 2006); *Rahim Visram v. Darryl Flood Warehouse and Moves,* 2006 W,L. 305802 (S.D. Tex. 2006); *Newens v. Orna Services, Inc.,* 2002 WL 131734 (N.D. Cal. 2002) **(loss or damage to possessions during intrastate transportation and storage of possessions in preparation for an interstate move are covered by Carmack.)**

Plaintiffs allege that their goods were damaged while stored in a Mayflower Transit truck prior to their shipment to Arizona, which clearly falls within the preemptive scope of the Carmack Amendment and all the Plaintiffs' state law claims must be dismissed. Defendant Crown Moving must also be dismissed as a Defendant.

However, Plaintiffs may within Thirty (30) days from the date of this Order, if they so wish, file an Amended Complaint against Mayflower Transit Corp. under the Carmack Amendment for damages they suffered as the result of the loss of their goods. Failure to file an Amended Complaint will result in the entry of a Judgment of Dismissal.

**It Is So Ordered. The Clerk is directed enter this Order and forward copies to counsel and the Plaintiffs.**

DATED this 14th day of June, 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS --4