UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KELLY HARRIS and SHAYLENE LEE,  )
)
) NO. 07-CV-126-JLQ
)
vs.   ) ORDER DENYING MOTION
) TO DISMISS, INTER ALIA
MAYFLOWER TRANSIT, LLC, d/b/a   )
MAYFLOWER CORPORATION,   )
.   )
)

    **Before the Court** is Defendant's Motion to Dismiss or alternatively Motion to Strike Plaintiff's First Amended Complaint, heard without oral argument on August 2, 2007. Regina M. McCrea and Ronald Gordon Morrison represent Plaintiffs.   John A. Anderson represents Defendants. Having reviewed the record, and being fully advised in this matter, **It Is Hereby Ordered** that Defendant's Motion to Dismiss is **DENIED** and the Motion to Strike First Amended Complaint is **GRANTED** for the following reasons.

    Plaintiffs filed this lawsuit against the Defendant and Defendant's agent on March 30, 2007 in state court. On April 26, 2007, the Defendants removed the case to this court on the basis of federal question jurisdiction under 28 U.S.C §331, 28 U.S.C. § 1337, 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1445(b); 28 U.S.C. § 1446 and 49 U.S.C. § 14706. On April 30, 2007, Defendants filed a Motion to Dismiss on the grounds that all of Plaintiffs' claims arose under the Carmack Amendment, which completely preempts all state law claims and for the dismissal of Defendant's agent.

    On June 14, 2007, the court ordered that Plaintiffs' claims clearly fell within

the preemptive scope of the Carmack Amendment and that the agent must be dismissed as well, but allowed Plaintiffs to amend their Complaint against Defendant Mayflower Transit Corp. and plead their claim under the Carmack Amendment.

On July 12, 2007, Plaintiff's filed an Amended Complaint alleging the same state law claims as originally filed but with the addition of the term "Carmack Agreement" in paragraph 13. Plaintiffs continue to allege gross negligence, reckless disregard, breach of contract, conversion, and a violation of the Washington State Consumer Protection Act, all claims which are preempted by the Carmack Amendment.

Under the Carmack Amendment, a shipper need only allege and prove that their goods were tendered to a carrier in good condition at origin, that the goods arrived in damaged condition or did not arrive at all at their destination, and the amount of damages suffered as a result.

The Plaintiffs are seeking damages in excess of what is allowed under the Carmack Amendment. They allege gross negligence, reckless disregard, breach of contract, conversion and a violation of the Washington Consumer Protection Act seeking treble damages and attorney fees, which are remedies provided by the Washington Consumer Protection Act. However under the Carmack Amendment, a shipper is only allowed to recover the actual loss or injury to the property caused by the carrier.

Therefore, Defendants seek to strike the allegations in Plaintiff's Amended Complaint, an Order preventing the Plaintiffs from filing another Amended Complaint, and an Order granting Defendant their attorney fees.

However, the court finds that the Plaintiffs are entitled to one more chance

to state a claim under the Carmack Amendment if they so desire.

Once again, Plaintiff's may within thirty (30) days from the date of this Order, if they so wish, file an Amended Complaint against Mayflower Transit Corp. only under the Carmack Amendment and only for the actual damages they suffered as the result of the loss of their goods, **not for the damages provided by the Washington Consumer Protection Act.** If Plaintiffs do not desire to so proceed, they shall voluntarily dismiss their action through a request to the court.

**IT IS SO ORDERED**. The Clerk is directed to enter this Order and forward copies to counsel.

**DATED** this 2nd day of August , 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE